FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT K. KAUFMANN,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHARLES KAUFMANN,<br><br>                    Defendant. | NO. 1:26-CV-3051-TOR<br><br>ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT are Plaintiff's Complaint and Emergency Motion for Immediate Expedited Ex Parte Injunction/Temporary Restraining Order (ECF Nos. 1 and 2). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Complaint (ECF No. 1) is DISMISSED and Emergency Motion for Immediate Expedited Ex Parte Injunction/Temporary Restraining Order is DENIED (ECF No. 2).

The Court must have subject matter jurisdiction to hear a case, or it must be dismissed. FED. R. CIV. P. 12(h)(3). Subject matter jurisdiction refers to the

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER ~ 1

Court's authority to hear a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh,* 546 U.S. at 506.

Under 28 U.S.C. § 1331, a federal court has original jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) (quoting 28 U.S.C. § 1331). This is met if the claims asserted arise under federal law. *Negrete*, 46 F.4th 811 at 816.

Plaintiff, proceeding *pro se*, requests an immediate Ex Parte Temporary Restraining Order against Charles Kaufmann for Robert Kaufmann, Patricia Kaufmann, Stacey, Benson, Violet, and Hazel to prevent immediate and irreparable injury. ECF No. 2 at 1. Plaintiff alleges that Defendant Charles Kaufmann threatened to kill Robert and threatened, intimidated and injured his wife, daughter and granddaughters. ECF No. 2 at 1. Plaintiff does not directly request what the order should prevent or require. ECF No. 2. However, Plaintiff attached two affidavits implying this order should prevent Defendant from showing up to funeral and memorial on March 24th and 26th. ECF No. 2 at 1, 8. Specifically, Plaintiff wishes to enforce this for an upcoming funeral held on

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER ~ 2

Tuesday, March 24, 2026, in Renton, Washington.  ECF No. 2 at 1.

Federal courts do not have the power to issue decree regarding divorce, alimony, and child custody matters.  *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).  Instead, state courts have the expertise to issue orders on these matters.  *Id.*  Accordingly, this type of motion and request is typically issued in state court.  *See Seymour v. Awino*, 2012 WL 4115094, at *3 (W.D. Wash. Aug. 9, 2012).

Also, this Court does not have jurisdiction over this claim because it does not arise under federal law or the Constitution.  Plaintiff cites the First Amendment, Ninth Amendment, Federal Rule of Civil Procedure Rules 6(c) and 65.  ECF Nos. 1-2.  None of these provisions Plaintiff provides a specific right that supports or creates a remedy for this type of motion.

Rule 6(c) provides timing specifications for ex parte and other motions.  FED. R. CIV. P. 6(c).  Rule 65 provides the rules for preliminary injunctions and temporary restraining orders.  FED. R. CIV. P. 65.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  Regardless of the jurisdictional issue, Plaintiff does not provide facts or arguments regarding the likelihood of succeeding on the merits.  However, Plaintiff provided two affidavits

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER ~ 3

containing allegations against Defendant and the likelihood of irreparable harm. ECF No. 2.  Plaintiff does not provide arguments for the other two elements beyond factual allegations.  Accordingly, the motion and matter must be dismissed but Plaintiff may refile in a proper court with jurisdiction over this matter.

## OPPORTUNITY TO AMEND

A court may not dismiss a pro se complaint before providing the pro se party "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively" unless amendments to the complaint could not cure the issues.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted).  Considering the only request under Plaintiff's Complaint appears to be a request for a protective order, the Court does not find that amendment would fix this jurisdictional defect.  Accordingly, leave to amend is not appropriate.

/

/

/

/

/

/

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. For lack of subject matter jurisdiction, Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice or leave to amend.**

2. Plaintiff's Emergency Motion for Immediate Expedited Ex Parte Injunction/Temporary Restraining Order (ECF No. 2) is **DENIED.**

The District Court Executive is directed to enter this Order of dismissal, furnish copies to counsel, and **CLOSE** the file.

DATED March 25, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE EXPEDITED EX PARTE INJUNCTION/TEMPORARY RESTRAINING ORDER ~ 5